IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HERON THERAPEUTICS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     C.A. No. _____ |
| | ) |
| LONG GROVE PHARMACEUTICALS, | ) |
| LLC and CAPSTONE DEVELOPMENT | ) |
| SERVICES COMPANY, LLC. | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Heron Therapeutics, Inc. ("Heron"), for its Complaint against Defendants Long Grove Pharmaceuticals, LLC ("Long Grove") and Capstone Development Services Company, LLC ("Capstone") (collectively, "Defendants"), hereby alleges as follows:

## THE PARTIES

1.  Heron is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 25 Fenton Main Street, Suite 300, Cary, NC 27511.

2.  Upon information and belief, Long Grove is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business at 9450 West Bryn Mawr Ave., Suite 200, Rosemont, IL 60018.

3.  Upon information and belief, Capstone is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business at 9450 West Bryn Mawr Ave., Suite 200, Rosemont, IL 60018.

4.  Upon information and belief, Capstone is the parent company of Long Grove.

5.  Upon information and belief, Long Grove and Capstone acted in concert to prepare and submit Long Grove's New Drug Application ("NDA") No. 220343.

6.      Upon information and belief, Long Grove, itself and/or in cooperation with Capstone, develops, manufactures, markets, sells, distributes, and/or imports generic pharmaceutical versions of branded products throughout the United States, including in this judicial district.

7.      Upon information and belief, Capstone, itself and/or in cooperation with Long Grove, develops, manufactures, markets, sells, distributes, and/or imports generic pharmaceutical versions of branded products throughout the United States, including in this judicial district.

## NATURE OF THE ACTION

8.      This is a civil action for infringement of United States Patent Nos. 9,561,229 ("the '229 patent"), 9,808,465 ("the '465 patent"), 9,974,742 ("the '742 patent"), 9,974,793 ("the '793 patent"), 9,974,794 ("the '794 patent"), 10,500,208 ("the '208 patent"), 10,624,850 ("the '850 patent"), 10,953,018 ("the '018 patent"), 11,173,118 ("the '118 patent"), 11,744,800 ("the '800 patent"), 12,115,254 ("the '254 patent"), 12,115,255 ("the '255 patent"), and 12,290,520 ("the '520 patent") (collectively, "the patents-in-suit").  This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 100 *et seq*., as well as the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

## JURISDICTION & VENUE

9.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, 2202, and 35 U.S.C. § 271.  This Court may declare the rights and other legal relations of the parties under 28 U.S.C. §§ 2201-02 because this case is an actual controversy within the Court's jurisdiction.

10.     Upon information and belief, Capstone, itself and/or through its subsidiaries, agents, and/or alter egos, including Long Grove, develops, manufactures, sells, distributes, and/or

-2-

imports for sale drug products (including generic pharmaceutical products) throughout the United States, including in Delaware.

11.    Upon information and belief, Capstone directs the operations, management, and activities of Long Grove.

12.    Upon information and belief, Capstone, directly or through Long Grove, routinely directs, makes, and/or contributes to the submission of NDAs seeking FDA approval to market drug products in the United States.

13.    Upon information and belief, Long Grove and Capstone collaborate in the marketing, sale, and/or distribution of pharmaceutical versions of branded products (including drug products manufactured and sold pursuant to approved NDAs) throughout the United States, including within Delaware.

14.    This Court has personal jurisdiction over Long Grove because it is a company organized and existing under the laws of Delaware.

15.    This Court further has personal jurisdiction over Long Grove because, on information and belief, Long Grove intends to market, sell, and/or distribute pharmaceutical drug products within Delaware, and to residents of Delaware, including the drug product that is the subject of NDA No. 220343.  The submission of NDA No. 220343 and the marketing, offer for sale, sale, distribution, and/or importation of the drug product that is the subject of NDA No. 220343 infringes the patents-in-suit and will lead to foreseeable harm and injury to Heron, a Delaware corporation, in the State of Delaware.  On information and belief, Long Grove has committed, aided, abetted, contributed to, and/or participated in the commission of a tortious act of patent infringement that has led to and/or will lead to foreseeable harm and injury to Heron, a Delaware corporation, in the State of Delaware.

16.     This Court further has personal jurisdiction over Long Grove because it has previously availed itself to the rights and benefits of this Court by asserting claims and counterclaims in this Judicial District, and because it has consented to and not challenged personal jurisdiction in this Judicial District.    *E.g.*, *Nevakar Injectables, Inc. and Long Grove Pharmaceuticals, LLC v. Baxter Healthcare Corp.*, 1-25-cv-301 (D. Del. 2025), D.I. 1; *Par Pharmaceutical, Inc. et al. v. Long Grove Pharmaceuticals, LLC*, 1-23-cv-1412 (D. Del. 2023), D.I. 14.

17.     This Court has personal jurisdiction over Capstone because it is a company organized and existing under the laws of Delaware.

18.     This Court further has personal jurisdiction over Capstone because, on information and belief, Capstone intends to market, sell, and/or distribute pharmaceutical drug products within Delaware and to residents of Delaware, including the drug product that is the subject of NDA No. 220343.  The submission of NDA No. 220343 and the marketing, offer for sale, sale, distribution, and/or importation of the drug product that is the subject of NDA No. 220343 infringes the patents-in-suit and will lead to foreseeable harm and injury to Heron, a Delaware corporation, in the State of Delaware.  On information and belief, Capstone has committed, aided, abetted, contributed to, and/or participated in the commission of a tortious act of patent infringement that has led to and/or will lead to foreseeable harm and injury to Heron, a Delaware corporation, in the State of Delaware.

19.     This Court further has personal jurisdiction over Defendants for other reasons that will be presented to the Court if jurisdiction is challenged.

20.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

21. Venue is proper in this district with respect to Long Grove for the reasons set forth above, including because Long Grove is incorporated in Delaware and has committed acts of infringement in this judicial district, and, upon information and belief, it will commit further acts of infringement in this judicial district.

22. Venue is proper in this district with respect to Capstone for the reasons set forth above, including because Capstone is incorporated in Delaware and has committed acts of infringement in this judicial district, and, upon information and belief, it will commit further acts of infringement in this judicial district.

23. Venue is proper with respect to Defendants for other reasons that will be presented to the Court if venue is challenged.

## THE PATENTS-IN-SUIT

24. Heron is the owner of the '229 patent, titled "Emulsion Formulations of Aprepitant." The '229 patent was duly and legally issued on February 7, 2017. A copy of the '229 patent is attached as Exhibit A.

25. Heron is the owner of the '465 patent, titled "Emulsion Formulations of Aprepitant." The '465 patent was duly and legally issued on November 7, 2017. A copy of the '465 patent is attached as Exhibit B.

26. Heron is the owner of the '742 patent, titled "Emulsion Formulations of an NK-1 Receptor Antagonist and Uses Thereof." The '742 patent was duly and legally issued on May 22, 2018. A copy of the '742 patent is attached as Exhibit C.

27. Heron is the owner of the '793 patent, titled "Emulsion Formulations of Aprepitant." The '793 patent was duly and legally issued on May 22, 2018. A copy of the '793 patent is attached as Exhibit D.

28. Heron is the owner of the '794 patent, titled "Emulsion Formulations of Aprepitant." The '794 patent was duly and legally issued on May 22, 2018. A copy of the '794 patent is attached as Exhibit E.

29. Heron is the owner of the '208 patent, titled "Emulsion Formulations of Aprepitant." The '208 patent was duly and legally issued on December 10, 2019. A copy of the '208 patent is attached as Exhibit F.

30. Heron is the owner of the '850 patent, titled "Emulsion Formulations of an NK-1 Receptor Antagonist and Uses Thereof." The '850 patent was duly and legally issued on April 21, 2020. A copy of the '850 patent is attached as Exhibit G.

31. Heron is the owner of the '018 patent, titled "Emulsion Formulations of Aprepitant." The '018 patent was duly and legally issued on March 23, 2021. A copy of the '018 patent is attached as Exhibit H.

32. Heron is the owner of the '118 patent, titled "Emulsion Formulations of an NK-1 Receptor Antagonist and Uses Thereof." The '118 patent was duly and legally issued on November 16, 2021. A copy of the '118 patent is attached as Exhibit I.

33. Heron is the owner of the '800 patent, titled "Methods of Use of Emulsion Formulations of an NK-1 Receptor Antagonist." The '800 patent was duly and legally issued on September 5, 2023. A copy of the '800 patent is attached as Exhibit J.

34. Heron is the owner of the '254 patent, titled "Methods of Use of Emulsion Formulations of an NK-1 Receptor Antagonist." The '254 patent was duly and legally issued on October 15, 2024. A copy of the '254 patent is attached as Exhibit K.

35.     Heron is the owner of the '255 patent, titled "Methods of Use of Emulsion Formulations of an NK-1 Receptor Antagonist."  The '255 patent was duly and legally issued on October 15, 2024.  A copy of the '255 patent is attached as Exhibit L.

36.     Heron is the owner of the '520 patent, titled "Methods of Use of Emulsion Formulations of Aprepitant."  The '520 patent was duly and legally issued on May 6, 2025.  A copy of the '520 patent is attached as Exhibit M.

37.     On June 1, 2026, the District Court for the District of Delaware in *Heron Therapeutics, Inc. v. Azurity Pharmaceuticals, Inc. et al.* No. 24-1363 (WCB) ruled that claims 5 and 23 of the '255 patent and claim 8 of the '520 patent were invalid on the ground of lack of written description under 35 U.S.C. § 112 and entered final judgment.  *Heron Therapeutics, Inc. v. Azurity Pharmaceuticals, Inc. et al.*, No. 24-1363 (WCB), D.I. 221, D.I. 222 (D. Del. June 1, 2026).  That case is on appeal to The Federal Circuit.  *Heron Therapeutics, Inc. v. Azurity Pharmaceuticals, Inc. et al.*, No. 2026-2005 (Fed. Cir. 2026).

## ACTS GIVING RISE TO THIS ACTION

38.     Heron holds NDA No. 209296 for an injectable emulsion for intravenous use containing 130mg/18mL (7.2 mg/mL) aprepitant as the active ingredient, which was approved by the Food and Drug Administration ("FDA") on November 9, 2017.  Heron markets and sells this injectable emulsion in the United States under the brand name Cinvanti®.

39.     Cinvanti® (aprepitant) is indicated for the treatment in adults, in combination with other antiemetic agents, for the prevention of (1) acute and delayed nausea and vomiting associated with initial and repeat courses of highly emetogenic cancer chemotherapy including high dose cisplatin as a single-dose regimen, (2) delayed nausea and vomiting associated with initial and repeat courses of moderately emetogenic cancer chemotherapy as a single-dose regimen, and (3)

nausea and vomiting associated with initial and repeat courses of moderately emetogenic cancer chemotherapy as a 3-day regimen.

40.    The composition of Cinvanti®, the use of Cinvanti®, and the manufacturing process for Cinvanti®, are embodiments of one or more claims of the patents-in-suit.  Pursuant to 21 U.S.C. § 355(b)(1), the patents-in-suit are listed in the FDA publication titled *Approved Drug Products with Therapeutic Equivalence Evaluations* (the "Orange Book") for Cinvanti®.

41.    Upon information and belief, Defendants submitted NDA No. 220343 to the FDA under 21 U.S.C. § 355(b)(2) seeking FDA approval to engage in the commercial manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of an injectable emulsion containing 130mg/18mL (7.2 mg/mL) aprepitant (the "Defendants' Proposed Product") prior to the expiration of the patents-in-suit.

42.    On information and belief, Defendants' Proposed Product has the same or equivalent ingredients in the same or equivalent amounts as the compositions claimed in one or more claims of the patents-in-suit.  Defendants' Proposed Product, the use of Defendants' Proposed Product, and the manufacture of Defendants' Proposed Product are within the literal scope of one or more claims of the patents-in-suit.  Defendants' Proposed Product is also at least substantially the same as Cinvanti® and performs substantially the same function, in substantially the same way, to achieve substantially the same result.

43.    Upon information and belief, by filing NDA No. 220343, Defendants have certified to the FDA that Defendants' Proposed Product has the same active ingredient as Cinvanti®, the same or substantially the same indications as Cinvanti®, and the same or substantially the same proposed labeling directing the use thereof as Cinvanti®.

44. Upon information and belief, pursuant to 21 U.S.C. § 355(b)(2)(A)(iv), Defendants certified in NDA No. 220343 that the claims of the patents-in-suit are invalid and/or would not be infringed by the commercial manufacture, use, sale, or offer for sale of Defendants' Proposed Product.

45. On June 26, 2026, Heron received written notification of Defendants' NDA No. 220343 and its accompanying certification by FedEx® in a Paragraph IV Certification Notice Letter dated June 23, 2026 ("Defendants' Notice Letter").

46. Upon information and belief, Defendants' Proposed Product, any commercial manufacture, use, sale, and/or offer to sell this product for sale within the United States, and/or any importation of this product into the United States, meets or embodies all elements of one or more claims of each of the patents-in-suit, literally and/or under the doctrine of equivalents.

47. This action was filed within 45 days of Heron receiving Defendants' Notice Letter.

## COUNT I
## INFRINGEMENT BY DEFENDANTS OF U.S. PATENT NO. 9,561,229

48. Heron re-alleges paragraphs 1-47 as if fully set forth herein.

49. Defendants' submission of NDA No. 220343 to the FDA, including its § 505(b)(2)(A)(iv) certification, constituted infringement of the '229 patent under 35 U.S.C. § 271(e)(2)(A).

50. Upon information and belief, the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of Defendants' Proposed Product meets or embodies all elements of one or more claims of the '229 patent.

51. Upon information and belief, Defendants intend to and will engage in the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import

into the United States of Defendants' Proposed Product if they receive FDA approval of NDA No. 220343.

52.    Upon information and belief, the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of Defendants' Proposed Product prior to the expiration of the '229 patent will infringe and/or induce and/or contribute to the infringement of the '229 patent under 35 U.S.C. §§ 271(a), (b), and/or (c) either literally or under the doctrine of equivalents.

53.    Heron is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Defendants' NDA No. 220343 be a date that is not earlier than the expiration of the '229 patent, or any later expiration of exclusivity for the '229 patent to which Heron is or becomes entitled.

54.    Heron is entitled to a declaration that, if Defendants commercially manufacture, use, offer for sale, and/or sell Defendants' Proposed Product within the United States, import Defendants' Proposed Product into the United States, and/or induce and/or contribute to such conduct, Defendants will infringe one or more claims of the '229 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

55.    Heron will be irreparably harmed by Defendants' infringing activities unless those activities are enjoined by this Court.  Heron does not have an adequate remedy at law.

56.    Upon information and belief, Defendants were aware of the existence of the '229 patent and were aware that the filing of NDA No. 220343 and the certification with respect to the '229 patent constituted an act of infringement of that patent.

**COUNT II**
**<u>INFRINGEMENT BY DEFENDANTS OF U.S. PATENT NO. 9,808,465</u>**

57.    Heron re-alleges paragraphs 1-56 as if fully set forth herein.

-10-

58.    Defendants' submission of NDA No. 220343 to the FDA, including its § 505(b)(2)(A)(iv) certification, constituted infringement of the '465 patent under 35 U.S.C. § 271(e)(2)(A).

59.    Upon information and belief, the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of Defendants' Proposed Product meets or embodies all elements of one or more claims of the '465 patent.

60.    Upon information and belief, Defendants intend to and will engage in the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of Defendants' Proposed Product if they receive FDA approval of NDA No. 220343.

61.    Upon information and belief, the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of Defendants' Proposed Product prior to the expiration of the '465 patent will infringe and/or induce and/or contribute to the infringement of the '465 patent under 35 U.S.C. §§ 271(a), (b), and/or (c) either literally or under the doctrine of equivalents.

62.    Heron is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Defendants' NDA No. 220343 be a date that is not earlier than the expiration of the '465 patent, or any later expiration of exclusivity for the '465 patent to which Heron is or becomes entitled.

63.    Heron is entitled to a declaration that, if Defendants commercially manufacture, use, offer for sale, and/or sell Defendants' Proposed Product within the United States, import Defendants' Proposed Product into the United States, and/or induce and/or contribute to such

conduct, Defendants will infringe one or more claims of the '465 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

64.     Heron will be irreparably harmed by Defendants' infringing activities unless those activities are enjoined by this Court.  Heron does not have an adequate remedy at law.

65.     Upon information and belief, Defendants were aware of the existence of the '465 patent and were aware that the filing of NDA No. 220343 and the certification with respect to the '465 patent constituted an act of infringement of that patent.

**COUNT III**
**INFRINGEMENT BY DEFENDANTS OF U.S. PATENT NO. 9,974,742**

66.     Heron re-alleges paragraphs 1-65 as if fully set forth herein.

67.     Defendants' submission of NDA No. 220343 to the FDA, including its § 505(b)(2)(A)(iv) certification, constituted infringement of the '742 patent under 35 U.S.C. § 271(e)(2)(A).

68.     Upon information and belief, the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of Defendants' Proposed Product meets or embodies all elements of one or more claims of the '742 patent.

69.     Upon information and belief, Defendants intend to and will engage in the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of Defendants' Proposed Product if they receive FDA approval of NDA No. 220343.

70.     Upon information and belief, the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of Defendants' Proposed Product prior to the expiration of the '742 patent will infringe and/or induce and/or contribute to

the infringement of the '742 patent under 35 U.S.C. §§ 271(a), (b), (c), and/or (g) either literally or under the doctrine of equivalents.

71.    Heron is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Defendants' NDA No. 220343 be a date that is not earlier than the expiration of the '742 patent, or any later expiration of exclusivity for the '742 patent to which Heron is or becomes entitled.

72.    Heron is entitled to a declaration that, if Defendants commercially manufacture, use, offer for sale, and/or sell Defendants' Proposed Product within the United States, import Defendants' Proposed Product into the United States, and/or induce and/or contribute to such conduct, Defendants will infringe one or more claims of the '742 patent under 35 U.S.C. §§ 271(a), (b), (c), and/or (g).

73.    Heron will be irreparably harmed by Defendants' infringing activities unless those activities are enjoined by this Court.  Heron does not have an adequate remedy at law.

74.    Upon information and belief, Defendants were aware of the existence of the '742 patent and were aware that the filing of NDA No. 220343 and the certification with respect to the '742 patent constituted an act of infringement of that patent.

**COUNT IV**
**INFRINGEMENT BY DEFENDANTS OF U.S. PATENT NO. 9,974,793**

75.    Heron re-alleges paragraphs 1-74 as if fully set forth herein.

76.    Defendants' submission of NDA No. 220343 to the FDA, including its § 505(b)(2)(A)(iv) certification, constituted infringement of the '793 patent under 35 U.S.C. § 271(e)(2)(A).

77. Upon information and belief, the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of Defendants' Proposed Product meets or embodies all elements of one or more claims of the '793 patent.

78. Upon information and belief, Defendants intend to and will engage in the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of Defendants' Proposed Product if they receive FDA approval of NDA No. 220343.

79. Upon information and belief, the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of Defendants' Proposed Product prior to the expiration of the '793 patent will infringe and/or induce and/or contribute to the infringement of the '793 patent under 35 U.S.C. §§ 271(a), (b), and/or (c) either literally or under the doctrine of equivalents.

80. Heron is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Defendants' NDA No. 220343 be a date that is not earlier than the expiration of the '793 patent, or any later expiration of exclusivity for the '793 patent to which Heron is or becomes entitled.

81. Heron is entitled to a declaration that, if Defendants commercially manufacture, use, offer for sale, and/or sell Defendants' Proposed Product within the United States, import Defendants' Proposed Product into the United States, and/or induces and/or contributes to such conduct, Defendants will infringe one or more claims of the '793 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

82. Heron will be irreparably harmed by Defendants' infringing activities unless those activities are enjoined by this Court. Heron does not have an adequate remedy at law.

83.     Upon information and belief, Defendants were aware of the existence of the '793 patent and were aware that the filing of NDA No. 220343 and the certification with respect to the '793 patent constituted an act of infringement of that patent.

## COUNT V
## INFRINGEMENT BY DEFENDANTS OF U.S. PATENT NO. 9,974,794

84.     Heron re-alleges paragraphs 1-83 as if fully set forth herein.

85.     Defendants' submission of NDA No. 220343 to the FDA, including its § 505(b)(2)(A)(iv) certification, constituted infringement of the '794 patent under 35 U.S.C. § 271(e)(2)(A).

86.     Upon information and belief, the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of Defendants' Proposed Product meets or embodies all elements of one or more claims of the '794 patent.

87.     Upon information and belief, Defendants intend to and will engage in the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of Defendants' Proposed Product if they receive FDA approval of NDA No. 220343.

88.     Upon information and belief, the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of Defendants' Proposed Product prior to the expiration of the '794 patent will infringe and/or induce and/or contribute to the infringement of the '794 patent under 35 U.S.C. §§ 271(a), (b), and/or (c) either literally or under the doctrine of equivalents.

89.     Heron is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Defendants' NDA No. 220343 be a date that is

not earlier than the expiration of the '794 patent, or any later expiration of exclusivity for the '794 patent to which Heron is or becomes entitled.

90.    Heron is entitled to a declaration that, if Defendants commercially manufacture, use, offer for sale, and/or sell Defendants' Proposed Product within the United States, import Defendants' Proposed Product into the United States, and/or induce and/or contribute to such conduct, Defendants will infringe one or more claims of the '794 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

91.    Heron will be irreparably harmed by Defendants' infringing activities unless those activities are enjoined by this Court.  Heron does not have an adequate remedy at law.

92.    Upon information and belief, Defendants were aware of the existence of the '794 patent and were aware that the filing of NDA No. 220343 and the certification with respect to the '794 patent constituted an act of infringement of that patent.

**COUNT VI**
**INFRINGEMENT BY DEFENDANTS OF U.S. PATENT NO. 10,500,208**

93.    Heron re-alleges paragraphs 1-92 as if fully set forth herein.

94.    Defendants' submission of NDA No. 220343 to the FDA, including its § 505(b)(2)(A)(iv) certification, constituted infringement of the '208 patent under 35 U.S.C. § 271(e)(2)(A).

95.    Upon information and belief, the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of Defendants' Proposed Product meets or embodies all elements of one or more claims of the '208 patent.

96.    Upon information and belief, Defendants intend to and will engage in the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import

-16-

into the United States of Defendants' Proposed Product if they receive FDA approval of NDA No. 220343.

97.    Upon information and belief, the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of Defendants' Proposed Product prior to the expiration of the '208 patent will infringe and/or induce and/or contribute to the infringement of the '208 patent under 35 U.S.C. §§ 271(a), (b), (c), and/or (g) either literally or under the doctrine of equivalents.

98.    Heron is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Defendants' NDA No. 220343 be a date that is not earlier than the expiration of the '208 patent, or any later expiration of exclusivity for the '208 patent to which Heron is or becomes entitled.

99.    Heron is entitled to a declaration that, if Defendants commercially manufacture, use, offer for sale, and/or sell Defendants' Proposed Product within the United States, import Defendants' Proposed Product into the United States, and/or induce and/or contribute to such conduct, Defendants will infringe one or more claims of the '208 patent under 35 U.S.C. §§ 271(a), (b), (c), and/or (g).

100.    Heron will be irreparably harmed by Defendants' infringing activities unless those activities are enjoined by this Court. Heron does not have an adequate remedy at law.

101.    Upon information and belief, Defendants were aware of the existence of the '208 patent and were aware that the filing of NDA No. 220343 and the certification with respect to the '208 patent constituted an act of infringement of that patent.

**COUNT VII**
**INFRINGEMENT BY DEFENDANTS OF U.S. PATENT NO. 10,624,850**

102.    Heron re-alleges paragraphs 1-101 as if fully set forth herein.

103. Defendants' submission of NDA No. 220343 to the FDA, including its § 505(b)(2)(A)(iv) certification, constituted infringement of the '850 patent under 35 U.S.C. § 271(e)(2)(A).

104. Upon information and belief, the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of Defendants' Proposed Product meets or embodies all elements of one or more claims of the '850 patent.

105. Upon information and belief, Defendants intend to and will engage in the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of Defendants' Proposed Product if they receive FDA approval of NDA No. 220343.

106. Upon information and belief, the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of Defendants' Proposed Product prior to the expiration of the '850 patent will infringe and/or induce and/or contribute to the infringement of the '850 patent under 35 U.S.C. §§ 271(a), (b), and/or (c) either literally or under the doctrine of equivalents.

107. Heron is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Defendants' NDA No. 220343 be a date that is not earlier than the expiration of the '850 patent, or any later expiration of exclusivity for the '850 patent to which Heron is or becomes entitled.

108. Heron is entitled to a declaration that, if Defendants commercially manufacture, use, offer for sale, and/or sell Defendants' Proposed Product within the United States, import Defendants' Proposed Product into the United States, and/or induce and/or contribute to such

conduct, Defendants will infringe one or more claims of the '850 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

109.    Heron will be irreparably harmed by Defendants' infringing activities unless those activities are enjoined by this Court.  Heron does not have an adequate remedy at law.

110.    Upon information and belief, Defendants were aware of the existence of the '850 patent and were aware that the filing of NDA No. 220343 and the certification with respect to the '850 patent constituted an act of infringement of that patent.

**COUNT VIII**
**INFRINGEMENT BY DEFENDANTS OF U.S. PATENT NO. 10,953,018**

111.    Heron re-alleges paragraphs 1-110 as if fully set forth herein.

112.    Defendants' submission of NDA No. 220343 to the FDA, including its § 505(b)(2)(A)(iv) certification, constituted infringement of the '018 patent under 35 U.S.C. § 271(e)(2)(A).

113.    Upon information and belief, the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of Defendants' Proposed Product meets or embodies all elements of one or more claims of the '018 patent.

114.    Upon information and belief, Defendants intend to and will engage in the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of Defendants' Proposed Product if they receive FDA approval of NDA No. 220343.

115.    Upon information and belief, the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of Defendants' Proposed Product prior to the expiration of the '018 patent will infringe and/or induce and/or contribute to

the infringement of the '018 patent under 35 U.S.C. §§ 271(a), (b), and/or (c) either literally or under the doctrine of equivalents.

116.    Heron is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Defendants' NDA No. 220343 be a date that is not earlier than the expiration of the '018 patent, or any later expiration of exclusivity for the '018 patent to which Heron is or becomes entitled.

117.    Heron is entitled to a declaration that, if Defendants commercially manufacture, use, offer for sale, and/or sell Defendants' Proposed Product within the United States, import Defendants' Proposed Product into the United States, and/or induce and/or contribute to such conduct, Defendants will infringe one or more claims of the '018 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

118.    Heron will be irreparably harmed by Defendants' infringing activities unless those activities are enjoined by this Court.  Heron does not have an adequate remedy at law.

119.    Upon information and belief, Defendants were aware of the existence of the '018 patent and were aware that the filing of NDA No. 220343 and the certification with respect to the '018 patent constituted an act of infringement of that patent.

## COUNT IX
## INFRINGEMENT BY DEFENDANTS OF U.S. PATENT NO. 11,173,118

120.    Heron re-alleges paragraphs 1-119 as if fully set forth herein.

121.    Defendants' submission of NDA No. 220343 to the FDA, including its § 505(b)(2)(A)(iv) certification, constituted infringement of the '118 patent under 35 U.S.C. § 271(e)(2)(A).

122. Upon information and belief, the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of Defendants' Proposed Product meets or embodies all elements of one or more claims of the '118 patent.

123. Upon information and belief, Defendants intend to and will engage in the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of Defendants' Proposed Product if they receive FDA approval of NDA No. 220343.

124. Upon information and belief, the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of Defendants' Proposed Product prior to the expiration of the '118 patent will infringe and/or induce and/or contribute to the infringement of the '118 patent under 35 U.S.C. §§ 271(a), (b), and/or (c) either literally or under the doctrine of equivalents.

125. Heron is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Defendants' NDA No. 220343 be a date that is not earlier than the expiration of the '118 patent, or any later expiration of exclusivity for the '118 patent to which Heron is or becomes entitled.

126. Heron is entitled to a declaration that, if Defendants commercially manufacture, use, offer for sale, and/or sell Defendants' Proposed Product within the United States, import Defendants' Proposed Product into the United States, and/or induce and/or contribute to such conduct, Defendants will infringe one or more claims of the '118 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

127. Heron will be irreparably harmed by Defendants' infringing activities unless those activities are enjoined by this Court. Heron does not have an adequate remedy at law.

128.     Upon information and belief, Defendants were aware of the existence of the '118 patent and were aware that the filing of NDA No. 220343 and the certification with respect to the '118 patent constituted an act of infringement of that patent.

## COUNT X
## INFRINGEMENT BY DEFENDANTS OF U.S. PATENT NO. 11,744,800

129.     Heron re-alleges paragraphs 1-128 as if fully set forth herein.

130.     Defendants' submission of NDA No. 220343 to the FDA, including its § 505(b)(2)(A)(iv) certification, constituted infringement of the '800 patent under 35 U.S.C. § 271(e)(2)(A).

131.     Upon information and belief, the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of Defendants' Proposed Product meets or embodies all elements of one or more claims of the '800 patent.

132.     Upon information and belief, Defendants intend to and will engage in the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of Defendants' Proposed Product if they receive FDA approval of NDA No. 220343.

133.     Upon information and belief, the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of Defendants' Proposed Product prior to the expiration of the '800 patent will infringe and/or induce and/or contribute to the infringement of the '800 patent under 35 U.S.C. §§ 271(a), (b), and/or (c) either literally or under the doctrine of equivalents.

134.     Heron is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Defendants' NDA No. 220343 be a date that is

not earlier than the expiration of the '800 patent, or any later expiration of exclusivity for the '800 patent to which Heron is or becomes entitled.

135.    Heron is entitled to a declaration that, if Defendants commercially manufacture, use, offer for sale, and/or sell Defendants' Proposed Product within the United States, import Defendants' Proposed Product into the United States, and/or induces and/or contributes to such conduct, Defendants will infringe one or more claims of the '800 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

136.    Heron will be irreparably harmed by Defendants' infringing activities unless those activities are enjoined by this Court.  Heron does not have an adequate remedy at law.

137.    Upon information and belief, Defendants were aware of the existence of the '800 patent and were aware that the filing of NDA No. 220343 and the certification with respect to the '800 patent constituted an act of infringement of that patent.

### COUNT XI
### INFRINGEMENT BY DEFENDANTS OF U.S. PATENT NO. 12,115,254

138.    Heron re-alleges paragraphs 1-137 as if fully set forth herein.

139.    Defendants' submission of NDA No. 220343 to the FDA, including its § 505(b)(2)(A)(iv) certification, constituted infringement of the '254 patent under 35 U.S.C. § 271(e)(2)(A).

140.    Upon information and belief, the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of Defendants' Proposed Product meets or embodies all elements of one or more claims of the '254 patent.

141.    Upon information and belief, Defendants intend to and will engage in the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import

into the United States of Defendants' Proposed Product if they receive FDA approval of NDA No. 220343.

142. Upon information and belief, the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of Defendants' Proposed Product prior to the expiration of the '254 patent will infringe and/or induce and/or contribute to the infringement of the '254 patent under 35 U.S.C. §§ 271(a), (b), and/or (c) either literally or under the doctrine of equivalents.

143. In Defendants' Notice Letter, Defendants did not set forth an opinion of noninfringement for claims 1-2, 5, 8-21, and 27-30 of the '254 patent separate and apart from any assertions of invalidity of those claims.

144. Heron is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Defendants' NDA No. 220343 be a date that is not earlier than the expiration of the '254 patent, or any later expiration of exclusivity for the '254 patent to which Heron is or becomes entitled.

145. Heron is entitled to a declaration that, if Defendants commercially manufacture, use, offer for sale, and/or sell Defendants' Proposed Product within the United States, import Defendants' Proposed Product into the United States, and/or induce and/or contribute to such conduct, Defendants will infringe one or more claims of the '254 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

146. Heron will be irreparably harmed by Defendants' infringing activities unless those activities are enjoined by this Court. Heron does not have an adequate remedy at law.

147. Upon information and belief, Defendants were aware of the existence of the '254 patent and were aware that the filing of NDA No. 220343 and the certification with respect to the '254 patent constituted an act of infringement of that patent.

## COUNT XII
## INFRINGEMENT BY DEFENDANTS OF U.S. PATENT NO. 12,115,255

148. Heron re-alleges paragraphs 1-147 as if fully set forth herein.

149. Defendants' submission of NDA No. 220343 to the FDA, including its § 505(b)(2)(A)(iv) certification, constituted infringement of the '255 patent under 35 U.S.C. § 271(e)(2)(A).

150. Upon information and belief, the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of Defendants' Proposed Product meets or embodies all elements of one or more claims of the '255 patent.

151. Upon information and belief, Defendants intend to and will engage in the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of Defendants' Proposed Product if they receive FDA approval of NDA No. 220343.

152. Upon information and belief, the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of Defendants' Proposed Product prior to the expiration of the '255 patent will infringe and/or induce and/or contribute to the infringement of the '255 patent under 35 U.S.C. §§ 271(a), (b), and/or (c) either literally or under the doctrine of equivalents.

153. In Defendants' Notice Letter, Defendants did not set forth an opinion of noninfringement for claims 1-2, 4-5, 7-8, 10-24, 26, and 28-30 of the '255 patent separate and apart from any assertions of invalidity of those claims.

154.    Heron is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Defendants' NDA No. 220343 be a date that is not earlier than the expiration of the '255 patent, or any later expiration of exclusivity for the '255 patent to which Heron is or becomes entitled.

155.    Heron is entitled to a declaration that, if Defendants commercially manufacture, use, offer for sale, and/or sell Defendants' Proposed Product within the United States, import Defendants' Proposed Product into the United States, and/or induce and/or contribute to such conduct, Defendants will infringe one or more claims of the '255 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

156.    Heron will be irreparably harmed by Defendants' infringing activities unless those activities are enjoined by this Court.  Heron does not have an adequate remedy at law.

157.    Upon information and belief, Defendants were aware of the existence of the '255 patent and were aware that the filing of NDA No. 220343 and the certification with respect to the '255 patent constituted an act of infringement of that patent.

### COUNT XIII
### INFRINGEMENT BY DEFENDANTS OF U.S. PATENT NO. 12,290,520

158.    Heron re-alleges paragraphs 1-157 as if fully set forth herein.

159.    Defendants' submission of NDA No. 220343 to the FDA, including its § 505(b)(2)(A)(iv)  certification, constituted infringement of the '520 patent under 35 U.S.C. § 271(e)(2)(A).

160.    Upon information and belief, the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of Defendants' Proposed Product meets or embodies all elements of one or more claims of the '520 patent.

161. Upon information and belief, Defendants intend to and will engage in the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of Defendants' Proposed Product if they receive FDA approval of NDA No. 220343.

162. Upon information and belief, the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of Defendants' Proposed Product prior to the expiration of the '520 patent will infringe and/or induce and/or contribute to the infringement of the '520 patent under 35 U.S.C. §§ 271(a), (b), and/or (c) either literally or under the doctrine of equivalents.

163. In Defendants' Notice Letter, Defendants did not set forth an opinion of noninfringement for claims 1, 4-15, 18-20, 22, and 24 of the '520 patent separate and apart from any assertions of invalidity of those claims.

164. Heron is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Defendants' NDA No. 220343 be a date that is not earlier than the expiration of the '520 patent, or any later expiration of exclusivity for the '520 patent to which Heron is or becomes entitled.

165. Heron is entitled to a declaration that, if Defendants commercially manufacture, use, offer for sale, and/or sell Defendants' Proposed Product within the United States, import Defendants' Proposed Product into the United States, and/or induce and/or contribute to such conduct, Defendants will infringe one or more claims of the '520 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

166. Heron will be irreparably harmed by Defendants' infringing activities unless those activities are enjoined by this Court. Heron does not have an adequate remedy at law.

167.    Upon information and belief, Defendants were aware of the existence of the '520 patent and were aware that the filing of NDA No. 220343 and the certification with respect to the '520 patent constituted an act of infringement of that patent.

## PRAYER FOR RELIEF

**WHEREFORE**, Heron requests that the Court grant the following relief:

A.    A judgment decreeing that Defendants have infringed one or more claims of each patent-in-suit by submitting NDA No. 220343;

B.    A judgment decreeing that Defendants will infringe one or more claims of each patent-in-suit if they commercially manufacture, use, offer for sale, or sell Defendants' Proposed Product within the United States, import Defendants' Proposed Product into the United States, or induce and/or contribute to such conduct;

C.    An order pursuant to 35 U.S.C. § 271(e)(4)(A) decreeing that the effective date of any FDA approval of Defendants' NDA No. 220343 be a date not earlier than the latest expiration date of the patents-in-suit, or any later expiration of any patent term extension or exclusivity for the patents-in-suit to which Heron is or becomes entitled;

D.    A permanent injunction pursuant to 35 U.S.C. § 271(e)(4)(B) or 35 U.S.C. § 283 restraining and enjoining Defendants, their directors, officers, agents, attorneys, affiliates, divisions, successors, and employees, and those acting in privity or concert with them, from commercially manufacturing, using, offering to sell, and/or selling within the United States, or importing into the United States Defendants' Proposed Product and any other product that infringes or induces or contributes to the infringement of one or more of the patents-in-suit, prior to the expiration of the patents-in-suit, including any exclusivities or extensions to which Heron is or become entitled;

-28-

E.      A declaration that this case is an exceptional case pursuant to 35 U.S.C. § 285 and that Heron be awarded its attorneys' fees; and

F.      Such other and further relief as this Court deems just and proper.

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| OF COUNSEL: | /s/ Jeremy A. Tigan |
| Isaac S. Ashkenazi | Jeremy A. Tigan (#5239) |
| Justin T. Fleischacker | 1201 North Market Street |
| Stephen Kruse | P.O. Box 1347 |
| PAUL HASTINGS LLP | Wilmington, DE  19899 |
| 200 Park Avenue | (302) 658-9200 |
| New York, NY  10166 | jtigan@morrisnichols.com |
| (212) 318-6000 | |
| | *Attorneys for Plaintiff Heron Therapeutics, Inc.* |
| August 7, 2026 | |